IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| IVERY T. WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:05cv420 |
| RISSI OWENS, ET AL. | § | |

MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Ivery Williams filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams raised numerous issues in his complaint, which issues fall into two general categories. One set of issues concerns the denial of Williams' parole and the procedures used therein, while the other concerns incidents of alleged wrongdoing by prison officers against him. The Magistrate Judge reviewed the lawsuit and issued an Initial Report on February 27, 2006.

This Initial Report recommended that Williams' claims concerning the denial of his parole and the procedures used be dismissed. The Magistrate Judge observed that Williams has no constitutional right to or liberty interest in parole, and that there are no procedural due process protections for procedures unrelated to liberty interests, including parole procedures. The Magistrate Judge also stated that Williams' claims regarding parole had previously been addressed and rejected by the Fifth Circuit in a number of other cases, and concluded that Williams' claims regarding the Ex Post Facto Clause, the Equal Protection Clause, and the doctrine of separation of powers were without merit. Finally, the Magistrate Judge determined that Williams failed to set out a valid claim of retaliation with respect to the denial of his parole.

Williams filed objections to the Magistrate Judge's Report on March 6, 2006. These objections essentially re-state the Plaintiff's claims at some considerable length and argue that while he does not have a right to parole, he has a right to parole hearings. This contention is without merit. *See* Johnson v. Rodriguez, 110 F.3d 299, 308-310 (5th Cir. 1997). The remainder of Williams' objections lack merit as well.

The Court has conducted a careful *de novo* review of the Plaintiff's pleadings, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Initial Report of the Magistrate Judge (docket no. 44) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims regarding the procedures attendant to his parole decisions be and hereby are DISMISSED with prejudice as frivolous. It is further

ORDERED that the Defendants Rissi Owens, the Director of TDCJ-CID Classification of Records, and those defendants added in the plaintiff's amended complaint of January 18, 2006, including Christina Melton Crain, Brad Livingston, and Douglas Dretke, be and hereby are DISMISSED as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the plaintiff's claims against Larry McCadden, Brandolyn Whitaker, and Darrell Ferguson.

**So ORDERED and SIGNED this 20th day of March, 2006.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**